FILED
MAY 27 2005

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> RICHELLE DOOLEY and ANGIE GACKIE, <br><br> Plaintiffs - Intervenors, <br><br> -vs- <br><br> SIOUXLAND ORAL MAXILLOFACIAL SURGERY ASSOCIATES, L.L.P., <br><br> Defendant. | CIV 04-4215 <br><br> MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SEVERANCE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Equal Employment Opportunity Commission (EEOC) filed an action under Title VII of the Civil Rights Act of 1964. The EEOC alleges it brought the action to correct unlawful employment practices which discriminated on the basis of sex and to provide appropriate relief to Richelle Dooley and Angie Gacke. The EEOC's complaint alleges that Defendant, Siouxland Oral Maxillofacial Surgery Associates, L.L.P., (Defendant) unlawfully terminated Dooley's employment after she advised her superiors she was pregnant, and that Defendant unlawfully refused to hire Gacke after she disclosed during her interview that she was pregnant. Gacke and Dooley originally filed a separate complaint, then moved to intervene in the EEOC action. This Court granted the motion to intervene in an Order dated March 31, 2005. Doc. 16.

Prior to the entry of the order allowing intervention, Defendant filed a motion to sever the separate claims of Gacke and Dooley. Doc. 10. Defendant contends that the individual claims, whether pursued by the EEOC or privately, do not satisfy the requirements of permissive joinder, and that severance is warranted under Fed.R.Civ.P. 20(a) and Fed.R.Civ.P. 21. The EEOC contends that it has broad authority to pursue litigation on behalf of more than a single employee, and that joinder principles are not applicable to a civil action brought by the EEOC on behalf of aggrieved

individuals pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964.[1] The EEOC further contends that even assuming that joinder principles are applicable to this lawsuit, there are sufficient commonalities in this case to warrant litigation in a single cause of action. This Court has assumed, without deciding, that Fed.R.Civ.P. 20(a) and Fed.R.Civ.P. 21 apply to this case, but has decided that the motion to sever should be denied for the reasons set forth in this opinion.

Rule 20 (b) and Rule 42(b) of the Federal Rules of Civil Procedure vest in the federal district court the discretion to order separate trial or to make such other orders to prevent delay or prejudice. In determining whether severance is warranted Rule 20(b), this Court recognizes that the "purpose of the rule is to promoted trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)(citing 7 C. Wright, Federal Practice and Procedure § 1652 at 265 (1972)); *See also, United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)("[J]oinder of claims, parties and remedies is strongly encouraged."). Permissive joinder under Rule 20, however, is not applicable in all cases. Rule 20 imposes two specific requisites to the joinder of parties: (1) the right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) there must arise in the action some question of law or fact common to all the parties. *Mosley v. General Motors Corp.*, 497 F.2d at 1333.

Rule 20 is construed to "permit all reasonably related claims for relief by or against different partied to be tried in a single proceeding," and "[a]bsolute identity of all events" is not required for permissive joinder. *Mosley*, 497 F.2d at 1333. The EEOC and the Intervenors allege adverse employment treatment of two pregnant women during a three-month time frame by two different supervisory employees of Defendant, with Defendant having a small number of employees, approximately 30 administrative and surgical staff, according to the EEOC, Docket 12, p.2. The EEOC and the Intervenors allege that the adverse treatment occurred as soon as the supervisory

---

[1] In *General Tel. Co. of the Northwest, Inc., v. EEOC*, 446 U.S. 318, 329-330 (1980), the Supreme Court held that Rule 23 of the Federal Rules of Civil Procedure does not apply to actions brought by the Commission pursuant to Section 706 of Title VII. The Supreme Court, however, noted, "We by no means suggest that the Federal Rules generally are inapplicable to the EEOC's § 706 actions." 446 U.S. at 334 n.16.

employees learned the women were pregnant, and that the adverse treatment occurred because the women were pregnant. This Court concludes that the EEOC and the individual Intervenors raise reasonably related claims for purposes of Rule 20, and that the first requirement of permissive joinder has been met.

The second requirement for permissive joinder is that a question of law or fact common to all the parties will arise in the action. There is no requirement that all questions of law and fact raised by the dispute be common. *Mosley*, 497 F.2d at 1334. The individual Intervenors and the EEOC all raise the issue of whether Defendant has a policy against hiring pregnant women. The fact that each Intervenor may have suffered different effects from the alleged discrimination is immaterial in determining whether the second requirement for permissive joinder has been met. *Id.* In addition, discovery is anticipated to raise additional common questions of fact and law relating to pretext and training. This Court concludes that the second requirement for permissive joinder has been met.

By denying Defendant's motion to sever, this Court is avoiding the inefficiency of conducting separate trials that would involve related parties, witnesses and evidence. *See Equal Employment Opportunity Commission v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)(consolidation of claims of EEOC and individual employee intervenors bringing race discrimination action is appropriate). Accordingly,

IT IS ORDERED that Defendant's Motion to Sever (Doc.10) is DENIED.

Dated this 27th day of May, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY

3