

FILED

MAY - 9 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | \* | CIV. 04-4215 |
| Plaintiff, | \* | |
| RICHELLE DOOLEY and ANGIE GACKIE, | \* | ORDER ON MOTION |
| Plaintiffs-Intervenors, | \* | |
| vs. | \* | |
| SIOUXLAND ORAL MAXILLOFACIAL SURGERY ASSOCIATES, L.L.P., | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is plaintiff's (EEOC) motion to compel discovery (Doc. 33). The matter was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and the Court's Standing Order dated February 1, 2002 (Doc. 38).

The disputed discovery matters are EEOC's Request for Documents 7, 8 and 16.

Number 7 requests all documents relating to or concerning Siouxland's response to Interrogatory 8, i.e. documents reflecting employee requests for accommodation of temporary or permanent medical conditions or physical limitations, Siouxland's efforts to accommodate, and any limited duty assignments resulting from employee work restrictions. Siouxland objected, but

provided "Exhibit 5."[1] The reasons for objection are overly broad, unlikelihood that the documents would lead to evidence which is admissible, and violation of privacy rights of non-party employees.

Number 8 requests the personnel file for each person identified in response to Interrogatory 8. Siouxland objected, citing overly broad, unlikelihood that the documents would lead to evidence which is admissible, and violation of the privacy rights of non-party employees.

Number 16 requested the net worth of Siouxland for each fiscal year from 2000 to the present. Siouxland objected, citing SDCL 24-1-4.1, relevance, and the unlikelihood that compliance would lead to evidence which is admissible.

The EEOC argues the discovery is relevant to show Siouxland's non-discriminatory explanation for the employment action is pretextual. The EEOC contends the employment files could demonstrate whether Siouxland's employment practices comport with their stated policies. The files of other employees could show whether Dooley was treated differently from other similarly situated employees. The files could show what equal employment opportunity training was provided, evidence which is relevant both to punitive damages and to the need for injunctive relief. The EEOC asserts the files could reveal information which has a bearing on credibility and is useful for impeachment of witnesses at trial. The EEOC contends there are only 12 personnel files which are the subject of the dispute, so production is not burdensome. The EEOC asserts the medical information in the files is pivotal to show Siouxland's actual practices about medical leave and accommodation. The EEOC urges the Health Insurance Portability and Accountability Act of 1996 (HIPPA) does not prevent the production of the medical information in the personnel files because

---

[1] Perhaps "Exhibit 5" is among the briefs and attached documents but its identity is not self evident. Notwithstanding "Exhibit 5" a discovery dispute exists.

Siouxland is not an entity covered by HIPPA. The EEOC contends Siouxland's net worth is relevant to the punitive damage claim allowed by 42 U.S.C. § 1981a(b).

Siouxland argues the issue in the case is whether Richelle Dooley was disqualified from the position. Her position required six to nine months of training. Her need for extended leave would have been required during or shortly after her training period. Nobody for any reason has been permitted extended medical leave of absence during the employee's first year of employment. Siouxland contends it has already provided the EEOC all of the information about all employees who have ever been given extended medical leave, the nature of the leave and the dates of the leave. Siouxland urges the disputed discovery requests should be denied because the requests for production do not involve persons who are similarly situated with Richelle Dooley. Siouxland asserts the relevant comparison group is comprised of employees who either required or requested leave of absence during Siouxland's busiest time of the year or during the first year of employment. Siouxland contends privacy issues of non-parties preclude production of their personnel files. The personnel files of other employees have nothing to do with the issue which disqualified plaintiff's from occupying Siouxland's open positions— their unavailability during the very times when Siouxland needed them most. Siouxland urges employers are not required by law to make accommodations for pregnancy, so the inquiry about accommodations is not relevant. In summary, Siouxland contends the discovery is not relevant, it seeks private information about non-party employees, and it seeks information about persons who are not similarly situated with Richelle Dooley. About net worth information, Siouxland urges the EEOC has not sufficiently pled malice, and that Siouxland is not vicariously liable for punitive damages as a result of discriminatory employment decisions of its managers which are contrary to the employer's good faith efforts to

3

comply with Title VII. Siouxland suggests the decision about production of net worth information should be postponed until all the evidence has been heard at the trial.

## ANALYSIS

The parties disagree about the central issue. The EEOC argues the central issue is whether Siouxland treated women affected by pregnancy in the same manner as other employment applicants or employees with similar abilities or limitations. Siouxland argues the central issues are (1) whether Richelle Dooley was qualified for the position for which she was hired, and (2) whether the person hired was better qualified than Angie Gacke.

Siouxland's statement of the issue is an assertion of a non-discriminatory reason for the hiring decision in each case. The EEOC's statement of the issue goes to pretext—is the non-discriminatory reason asserted by Siouxland a pretext? The EEOC wants the disputed discovery so it can fulfill its burden of proof on the issue of pretext. Whether Richelle Dooley and Angie Gacke were unavailable when most needed or less qualified than another for the positions with Siouxland are fact questions for the jury. Whether those are pretextual reasons for the employment actions are fact questions for the jury. Neither the non-discriminatory reasons for the employment actions asserted by Siouxland nor the pretext issue asserted by the EEOC can be decided as a matter of law in this discovery dispute. In order for the EEOC to pursue evidence it believes it needs to fulfill its burden of proof on the issue of pretext, the EEOC needs the responses to Requests for Production 7 and 8.

The decision about discovery of Siouxland's net worth should be deferred until all evidence is received. Net worth is merely a number—not a complex matter to understand, digest, and prepare for use in closing argument— so the number is not needed until later, after the evidence

4

is heard and an informed decision can be made about the quality of evidence to support the punitive damage claim. Since this is a federal question lawsuit, SDCL § 24-1-4.1 does not apply, so there is no need for a pre-trial hearing about punitive damages.

It is hereby

ORDERED that plaintiffs' motion to compel production of the requested documents mentioned in Requests for Production 7 and 8 is GRANTED. Siouxland may redact from the documents identification of the persons and other information Siouxland believes to be private or privileged. Siouxland should prepare a log of redacted information if the redaction is not self evident on the redacted document. If the EEOC objects to the redaction(s) the matters(s) should be submitted to the Court for in camera inspection and further decision about disclosure. It is

FURTHER ORDERED that the ruling on plaintiffs' Request for Production of documents showing defendant's net worth is deferred until all the evidence has been heard, or until such other time as is ordered by Judge Piersol.

Dated this 9th day of May, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By Sharon Luro, Deputy