UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED
APR 0 2 2007
CLERK

|   |   |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>  Plaintiff,<br><br>RICHELLE DOOLEY and<br>ANGIE GACKIE,<br><br>  Plaintiffs - Intervenors,<br><br>-vs-<br><br>SIOUXLAND ORAL MAXILLOFACIAL SURGERY ASSOCIATES, L.L.P.,<br><br>  Defendant. | CIV 04-4215<br><br>MEMORANDUM AND<br>ORDER RE: MOTION<br>TO LIMIT EXAMINATION |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant has filed a Motion to Limit Examination under FED. R. EVID. 611(a)[1] Doc. 111. Defendant argues that the Court should rule that because the EEOC represents the interests of Intervenors in this trial, when Plaintiffs have the opportunity to examine witnesses, that opportunity must be taken by only one attorney on behalf of Plaintiffs and Intervenors, not both the attorney representing EEOC and Mr. Pekas. Plaintiffs have filed a joint response to the motion in which they assert that they have divided direct and cross examinations of witnesses between counsel to avoid duplication, but request that the Court not issue a blanket order restricting Plaintiff EEOC and Plaintiff/Interveners' examination of witnesses before the trial commences because circumstances may arise in which counsel may need to present direct or cross examination..

Local Rule 39.1(B) provides that "one counsel per party shall be permitted to examine or

---

[1] FED. R. EVID. 611(a) provides: " The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

cross-examine each witness, and not more than two attorneys per party shall sum up the cases to the jury, unless the Court shall otherwise order." Although the Court could impose restrictions on direct and cross examination to serve the purposes set forth in FED. R. EVID. 611(a), the Court agrees with Plaintiffs that under the circumstances there is no reason to issue a blanket order regarding the matter.

Plaintiffs maintain in their response to Defendant's FED. R. EVID. 611(a) motion that fundamental fairness requires that Plaintiff EEOC and Plaintiff/Interveners present separate opening and closing statements. Plaintiffs will be allowed to present separate opening and closing statements. At the close of the trial, the Court will determine the appropriate amount of time allowed for each of the parties to present closing statements. Accordingly,

> IT IS ORDERED that Defendant's Motion to Limit Examination under FED. R. EVID. 611(a) (Doc. 111) is denied, and Plaintiffs will be allowed to present separate opening and closing statements.

Dated this 2nd day of April, 2007.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)        DEPUTY