UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

AUG 1 0 2007

CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>RICHELLE DOOLEY and<br>ANGIE GACKIE,<br><br>    Plaintiffs - Intervenors,<br><br> -vs-<br><br>SIOUXLAND ORAL MAXILLOFACIAL<br>SURGERY ASSOCIATES, L.L.P.,<br><br>    Defendant. | CIV 04-4215<br><br><br><br>MEMORANDUM OPINION<br>AND ORDER RE:<br>POSTTRIAL MOTIONS |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

   After the jury on April 6, 2007, rendered its verdict in favor of Plaintiff-Intervenor Angie Gacke in the amount of $5,757.00, and its verdict in favor of Plaintiff-Intervenor Richelle Dooley in the amount of $15,341.00, this Court on April 10, 2007, entered judgements in accordance with the jury verdicts in favor of Plaintiff Equal Employment Opportunity Commission (EEOC) and Plaintiff-Intervenors Angie Gacke and Richelle Dooley and against Defendant Siouxland Oral Maxillofacial Surgery Associates, L.L.P. (Siouxland). Doc. 136, 137. In these judgments the Court also ordered that if the Plaintiffs were pursuing their requests for attorney fees that they proceed under D.S.D. CIV. LR 54.1. Although this Court intended to allow for prejudgment interest on the jury's awards for lost wages, the judgments were silent as to prejudgment interest.

   On, May 10, 2007, Plaintiff EEOC filed a document entitled "Plaintiff EEOC's Motion for Equitable Relief." Doc. 151. The EEOC requested that the Court award Gacke $6,317.00 and Dooley $20,408.00 in back wages and that the Court further award prejudgment interest, calculated at the IRS prime rate compounded annually, to be added to any back pay awarded by this Court. The EEOC submitted a number of requests for affirmative relief. First, the EEOC requested that this Court enjoin Siouxland from engaging in any employment practice that discriminates on the basis

of sex, including pregnancy, and also enjoin Siouxland from retaliating against any employee or former employee who complains of discrimination, opposes any unlawful act or practice, or files a charge or participates in any manner in an investigation, proceeding, or hearing under Title VII. Second, the EEOC requested that Siouxland be required to implement affirmative relief, including but not limited to, conducting employee training on Title VII and retaliation, posting a notice regarding sex and pregnancy discrimination and retaliation, reviewing and/or revising its employment discrimination policies, and permitting the EEOC to monitor compliance with the Court's Order. Third, the EEOC requested that Siouxland be required to post a notice regarding its intent to comply with Title VII, advising its employees of their right to complain about or oppose discrimination free from retaliation, and advising its employees of their right to contact federal and state anti-discrimination agencies. Fourth, the EEOC requests that Siouxland be required to maintain all records of employment decisions regarding hiring, firing and promotion in accordance with 29 C.F.R. § 1602.14 and advise the EEOC of all decisions covered by 29 C.F.R. § 1602.14. Fifth, the EEOC requested that Siouxland be required to post a notice to its employees advising them of the outcome of this lawsuit and of Siouxland's obligation and commitment to maintaining a workplace free of discrimination and retaliation.

Siouxland responded to Plaintiff EEOC's Motion for Equitable Relief by contending that the motion was untimely and failed to identify its legal basis. Doc. 161. Siouxland argued that because requests for prejudgment interest, increased back pay and injunctive relief are requests to amend the judgments, the EEOC's motion is untimely under Federal Rule of Civil Procedure 59(e). Before the EEOC filed its reply to this response, the EEOC filed a notice of appeal from the judgments. Doc. 162. Siouxland has subsequently filed a notice of conditional cross-appeal. Doc. 04-4215.

Both Plaintiff-Intervenors submitted motions for attorney fees and costs. Doc. 138, 142. Siouxland submitted objections to the motions for attorney fees. Doc. 156. Plaintiff- Intervenors then submitted a joint reply in support of the motions for attorney fees and costs. Doc. 165. Siouxland then submitted a motion to strike Plaintiff- Intervenors' Joint Reply Brief on the grounds that the Local Rule of Practice 54.1 (C) and FED. R. CIV. P. 54(d)(2)(B), (C) and(D), do not allow for a reply brief. Doc. 166.

2

## THE MOTION FOR EQUITABLE RELIEF SHALL BE CONSTRUED AS A MOTION FOR RELIEF FROM JUDGMENT.

Siouxland argues that the requests for prejudgment interest and requests for back pay and injunctive relief are, in essence, requests under Federal Rule of Civil Procedure 59 to amend the April 10, 2007 Judgments, that the EEOC's Motion, which was filed twenty-nine days after the entry of the Judgments, is untimely because it was filed more than 10 days after entry of judgment, and that the Court is without jurisdiction to entertain it.[1] Siouxland relies upon *Reyher v. Champion Intern. Corp.*, 975 F.2d 483 (8th Cir. 1992), as support for its position that a motion for prejudgment interest is not timely if not made within ten days after entry of judgment. In the *Reyher* case, however, the judgment in issue was treated by both parties as a final judgment, the district court's docket entry after the judgment noted "terminates case," and the moving party specifically disclaimed reliance upon Federal Rule of Civil Procedure 60(b). *Reyher*, 975 F.2d 487, 488. The E.E.O.C. however, is not contending the judgment is final, but rather, is contending that it has made a timely request for the Court to provide relief which is within the Court's power and discretion to provide.[2]

Federal Rule of Civil Procedure 8(e)(1) provides that "[n]o technical forms of pleading or motions are required." FED. R. CIV. P. 8(f) provides: "All pleadings shall be so construed as to do substantial justice."A motion, however styled, will be construed to be the type proper for the relief requested, and the party's label for the motion is not controlling. *United States v. 1982 Sanger 24' Spectra Boat*, 738 F.2d 1043, 1046 (9th Cir. 1984)(Notices "for rehearing and stay of execution, condemnation and forfeiture" should have been considered as motion for relief from judgment or order). Since the EEOC.'s motion was made within the time to file an appeal, and is not used as a substitute for appeal, this Court will consider the motion under Federal Rule of Civil Procedure 60.

_____

[1]Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

[2]It is for the determination of the Eighth Circuit Court of Appeals whether the judgments in issue are appealable as final decisions. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742 (1976)(district court's order which was a declaratory judgment on the issue of liability, but left unresolved requests for injunction, compensatory and exemplary damages, and attorney fees was not appealable as a final decision).

3

*Cf. CRI, Inc. v. Watson*, 608 F.2d 1137 (8th Cir. 1979).

Generally, the "' filing of a notice of appeal ... confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal.' " *Liddell v. Board of Educ.*, 73 F.3d 819, 822 (8th Cir.1996) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). A district court, however, is permitted to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending, and a separate appeal may thereafter be taken to challenge the denial of the motion. If, however, the district court decides to grant the Rule 60(b) motion, the parties should request the court of appeals to remand the case so a proper order can be entered accordingly. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004); *Pioneer Ins. Co. v. Gelt*, 558 F.2d 1303, 1312 (8th Cir.1977).

Prejudgment Interest

FED. R. CIV. P. 60(b)(1) allows the Court to relieve a party from mistake, inadvertence, surprise or excusable neglect, if the motion is made within a reasonable time and not more than one year after judgment has been entered. FED. R. CIV. P. 60(b)(1) also applies to mistake and inadvertence of the Court. *See* 11 CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2858 (1995). It is the Court's usual practice when prejudgment interest is warranted to enter an order allowing both parties to submit their calculations, and then to allow for prejudgment interest after considering the parties' calculations. *See, e.g., Lindholm v. Hassan*, CIV. NO. 04-4025, Doc. 82 (D.S.D. May 27, 2005). It was the Court's intention to grant prejudgment interest in this case, and the Court will, if the matter is remanded to the Court, and after Siouxland has had an opportunity to submit its proposed calculation of prejudgment interest, grant relief under FED. R. CIV. P. 60(b)(1) for the Court's inadvertent failure to follow its custom with regard to prejudgment interest. *See James E. Brady & Co., Inc., v. Eno*, 992 F.2d 864, 870 (8th Cir. 1993)(posttrial motions granted to modify judgments to conform to usual practice of entering one final net judgment).

In addition, FED. R. CIV. P. 60(b)(6) allows the Court to relieve a party from a judgment for "any other reason justifying relief from the operation from the judgment," so long as the motion is made within a reasonable time. FED. R. CIV. P. 60(b)(6) is another basis for allowing the judgments in this case to be corrected to include prejudgment interest. *See Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 792 (6th Cir. 2005)(although motion for entry of prejudgment interest filed 19

days after entry of judgment was untimely as a Rule 59(e) motion, it was appropriately granted under FED. R. CIV. P. 60(b)(6)).

Request Pertaining to Back Wages

The EEOC is requesting that the Court award Gacke $6,317.00 and Dooley $20,408.00 in back wages as opposed to entering judgment in accordance with the jury's verdict in favor of Gacke in the amount of $5,757.00, and its verdict in favor of Dooley in the amount of $15,341.00. The Court has reviewed the evidence that was presented at trial regarding back wages and believes that the jury's verdicts were sufficiently supported by the evidence. The Court is denying the motion to modify the awards for back wages.

Requests Pertaining to Injunctive and Other Affirmative Relief

The EEOC submitted a number of requests for affirmative relief including injunctive relief in its Complaint and Motion for Equitable Relief. The EEOC requested that this Court enjoin Siouxland from engaging in any employment practice that discriminates on the basis of sex, including pregnancy, and also enjoin Siouxland from retaliating against any employee or former employee who takes any action in opposition to discrimination. No evidence has been presented that Siouxland retaliated against any person who opposed any discriminatory actions of Siouxland, and the Court does not believe injunctive relief regarding retaliation is necessary or proper in this case.

District courts have broad discretion to grant injunctive relief once discrimination has been established in a Title VII action. *See Briscoe v. Fred's Dollar Store, Inc.*, 24 F.3d 1026, 1028 (8th Cir. 1994); *Taylor v. Teletype Corp.*, 648 F.2d 1129, 1135 (8th Cir. 1981). The Court, however, does not believe the imposition of any injunctive relief is warranted in this case. This case does not present a situation where an employer has engaged in a consistent practice of discrimination. *Cf. Briscoe v. Fred's Dollar Store, Inc.*, 24 F.3d at 1029. The two Plaintiff-Intervenors were the only employees who presented evidence of having been discriminated against by Siouxland. In addition, the discrimination that took place in this action occurred in 2001 and 2002. Since more than five years have elapsed since the last discriminatory action occurred, the Court does not believe injunctive relief is appropriate in this case. *See Taylor v. Teletype Corp.*, 648 F.2d 1129 (8th Cir. 1981)(issuance of injunction held premature in light of finding that no discrimination occurred for the three years immediately preceding the issuance of the injunction).

5

The Court has entered judgements for compensatory damages in accordance with the jury verdicts. The Court intends to award attorney fees. The Court believes that under the circumstances of this case, the goals of Title VII can be met without ordering the affirmative relief requested by the EEOC. Accordingly, the request for this affirmative relief is denied.

## SIOUXLAND'S MOTION TO STRIKE THE INTERVENORS' JOINT REPLY BRIEF IN SUPPORT OF MOTIONS FOR ATTORNEY FEES AND COSTS IS DENIED.

Siouxland has moved to strike the Intervenors' joint reply brief in support of motions for attorney fees and costs. Doc. 166. Siouxland contends that Intervenors violated both Local Rule 54.1(C) and FED. R. CIV. P. 54 by submitting a joint reply brief and supplementary exhibits without direction by the Court to do so. Even if there has been noncompliance with the rules, the Court does not believe the interests of justice would be best served by striking the joint reply brief and supplementary exhibits. The Court will, however, allow Siouxland to submit a response to the new material within 10 days of the date of this Order, and no further materials shall be submitted thereafter by any party without further order of this Court. Accordingly,

IT IS ORDERED:

1. That the EEOC's motion for equitable relief (Doc. 151) shall be construed as a motion for relief from judgment under Rule 60;

2. That if the matter is remanded to the Court from the Eighth Circuit Court of Appeals, Siouxland shall have the opportunity to submit its proposed calculation of prejudgment interest, and the Court will then award prejudgment interest on the jury verdicts in this case;

3. That the EEOC's requests that the Court modify the awards for back wages, and order injunctive relief and other affirmative relief are denied; and

4. Siouxland's motion to strike the Intervenors' joint reply brief in support of motions for attorney fees and costs (Doc. 166) is denied, but Siouxland will be allowed to submit a response to the joint reply brief and supplementary exhibits within 10 days of the date of this

6

Order, and no further materials shall be submitted thereafter by any party without further order of this Court.

Dated this ___ day of August, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)        DEPUTY

7