FILED

UNITED STATES DISTRICT COURT

MAR 06 2008

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>RICHELLE DOOLEY and<br>ANGIE GACKIE,<br><br>Plaintiffs - Intervenors,<br><br>-vs-<br><br>SIOUXLAND ORAL MAXILLOFACIAL SURGERY ASSOCIATES, L.L.P.,<br><br>Defendant. | CIV 04-4215<br><br><br><br><br><br>MEMORANDUM OPINION<br>AND ORDER RE: ATTORNEY FEES<br>AND PREJUDGMENT INTEREST |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Still pending before the Court are the motions of Plaintiffs-Intervenors, Richelle Dooley and Angie Gacke, for attorney fees and costs pursuant to 42 U.S.C. § 2000e-5(k).[1] Doc. 138, 142. In addition, the Eighth Circuit Court of Appeals has remanded this case so this Court can address the appropriate amount of prejudgment interest due on the awards of back pay and enter judgment accordingly. Doc. 186. The parties have submitted additional calculations of prejudgment interest (Doc. 189, 190, 193) and the Court has considered the same.

## ATTORNEY FEES AND COSTS

A prevailing party in a Title VII discrimination action may be allowed to recover reasonable attorney fees as part of the costs. 42 U.S.C. § 2000e-5(k). In *Hensley v. Eckerhart*, 461 U.S. 424

---

[1] 42 U.S.C.A. § 2000e-5 provides:
In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

(1983), the United States Supreme Court established standards applicable to all cases in which Congress has authorized an award of attorney fees to a prevailing party. The Supreme Court noted the following twelve factors that Congress deemed relevant in determining the amount of an attorney fee award: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 430 n.3 (citing *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-719 (5th Cir. 1974)). The starting point for determining the amount of a reasonable attorney fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate – the lodestar. *Id.* at 433.

Plaintiffs-Intervenors' lawyer charges an hourly rate of $150 for services both outside and in court. The fee applicant has the burden of showing "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 956-96 n.11 (1984). This Court finds that the hourly rate of $150 is reasonable in consideration of Plaintiffs-Intervenors' lawyer's skill and experience.

After determining the lodestar, this Court should exclude from the initial fee calculation any hours that were not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. at 434. The Court may also reduce an award if the documentation of billed hours is inadequate. *DeGidio v. Pung*, 920 F.2d 525, 533 (8th Cir. 1990). Defendant objects to the number of hours billed by Plaintiffs-Intervenors' lawyer as being excessive in light of intervenor status, failure to apportion time between the two Plaintiffs-Intervenors, and being excessive based on the nature of the service and the degree of success. Defendant also contends that the attorney fees should be reduced because of lack of documentation.

Intervenor Status

In *Wilder v. Bernstein*, 965 F.2d 1196, 1201-1202 (2d Cir. 1992), the United States Court of Appeals for the Second Circuit addressed as follows the right of intervenors to recover as

2

prevailing parties under 42 U.S.C. § 1988:

> Although the statute expressly conditions the award of attorneys' fees upon the discretion of the court, the effect of this language has been interpreted to create a strong preference in favor of the prevailing party's right to fee shifting. Therefore, "[a] party seeking to enforce the rights protected by the statutes covered by [§ 1988], if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' " S.Rep. No. 1011, 94th Cong., 2d Sess. 4, reprinted in 1976 U.S.Code Cong. & Admin.News 5908, 5912 (Senate Report) (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)). This same section of the legislative history of § 1988 specifically contemplates that an intervenor may be a prevailing party. "In the large majority of cases the party or parties seeking to enforce such rights will be the plaintiffs and/or plaintiff-intervenors. However, in the procedural posture of some cases, the parties seeking to enforce such rights may be the defendants and/or defendant-intervenors." *Id.* at 4 n. 4, reprinted in 1976 U.S.Code Cong. & Admin.News at 5912 n. 4.

Courts have recognized that intervenors are entitled to fee awards under fee shifting statutes if the intervenor has contributed substantially to the success of the litigation. *See Donnell v. United States*, 682 F.2d 240, 249-249 (D.C. Cir. 1982). In the case at hand this Court concludes that private counsel for Plaintiffs-Intervenors played a significant role in and contributed substantially to the success of the litigation. Although counsel for the Plaintiffs-Intervenors joined in many of the EEOC's pretrial motions and responses, counsel for the Plaintiffs-Intervenors presented independent oral argument and otherwise contributed to the pretrial process. At the trial in this matter counsel for the Plaintiffs-Intervenors contributed meaningfully in voir dire, and opening and closing statements. He also conducted direct and redirect of both Plaintiffs-Intervenors and witnesses Sherena Kost and Richard Flugge. This Court cannot characterize independent counsel's contributions as redundant and unhelpful.

Apportionment of Time Between the Two Plaintiffs-Intervenors

The Court agrees with Defendant that a failure to apportion time between the two Plaintiffs-Intervenors could result in an excessive attorney fee award if the billing submissions were not adjusted. Plaintiffs-Intervenors Dooley and Gacke seek attorney's fees of $48,949.24 and $49,465.60, respectively. While it may be understandable that the billing submissions for each Plaintiff-Intervenor contain the same time reported on the other's billing submissions, an adjustment must and will be made to apportion the time before awarding attorney fees in this matter.

3

Nature of Service, Inadequate Documentation and Degree of Success Billing Concerns

In resolving the issues presented in the nature of service and degree of success objections, this Court has considered the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d at 717-719, and the explanations set forth in Plaintiffs-Intervenors' Joint Reply to Defendant's objections. This Court concludes, based on the billing documents before it, that a lawyer of Plaintiffs- Intervenors' lawyer's skill and experience should not have required the number of hours he billed for review of documents and preparation for depositions to effectively handle this case. If circumstances existed which would justify what appears to be excessive billed time, these circumstances are not evident in the billing documents. These documents present only general and repetitive categorizations of the legal services rendered, such as "Reviewed Plaintiff's Answers" (both January 2 and 5, 2006) and "Deposition preparation" (both June 2 and 4, 2006).

The generalized billing that is present in the case at hand hinders a court's ability to conduct a meaningful review of whether and to what extent a request for attorney fees is reasonable. *See Miller v. Woodharbor Molding & Millworks, Inc.*, 174 F.3d 948, 949 (8th Cir. 1999). In awarding attorney fees, it is proper to reduce the lodestar amount by a percentage for inadequate documentation. *Id.; see also, H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). Defendant has submitted an affidavit from the court reporter for the depositions and has challenged counsel's billing for the depositions. The Court notes that counsel billed for 8 hours on June 6, 2006, when the court report documented 3 hours for depositions, and replacement counsel for counsel billed for 8 hours on June 7, 2006, when the court reporter documented 4 hours and 30 minutes for depositions. On these and the other dates of depositions Counsel has not explained the difference between his billing statements and the Court Reporter's affidavit. The requested attorney fees will be reduced for this discrepancy. The additional time could be final deposition preparation, but if that is the fact the billing statement should be more descriptive. The Court, however, does not believe that the attorney fee award should be reduced to any extent based on degree of success, as both cases were successful and generally vindicated Plaintiffs' claims.

The Court has adjusted the billing submissions for failure to apportion time between the two Plaintiffs-Intervenors and for inadequate documentation to reduce the attorney fees claim to a total of 288 hours. (290.5 rounded to 291.0 from original bill plus 14 separate hours from Dooley bill minus 17 hours from lack of deposition explanation = 288 hours.) Attorney fees for counsel for

4

Plaintiffs-Intervenors is awarded in the amount of $43,200 (288 x $150). The Court is also awarding 6% sales tax on these fees, in the amount of $2,592.00. The Court is further awarding as costs attorney fees and sales tax for replacement counsel in the amount of $1,200, plus $72 sales tax, for a total of $1,272, and CPA expert expense in the amount of $2,038.96, for a total award of fees and expenses of $49,102.96.

## PREJUDGMENT INTEREST

The EEOC and Planitiffs-Intervenors' September 10, 2007, calculations and proposals for prejudgment interest on the back pay award of $15,341.00 to Richelle Dooley was in the amount of $3,590.51, and on the back pay award of $5,757.00 to Angie Gacke was in the amount of $1,297.57. In calculating these prejudgment interest proposals, the EEOC and Planitiffs-Intervenors used the IRS interest rates for the underpayment or overpayment of taxes and compounded the interest quarterly consistent with IRS practices.

Defendant proposed using the Federal post-judgment interest rate found in 28 U.S.C. § 1961[2] as the applicable rate for prejudgment interest in this case. Defendant's September 10, 2007, calculations and proposals for prejudgment interest on the back pay award of $15,341.00 to Richelle Dooley was in the amount of $1,850.82, using the interest rate applicable to each pay period, and

---

[2]28 U.S.C. § 1961 provides in part:
    (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [FN1] the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.
    (b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.

5

in the amount of $1,833.79, using the average interest rate for the applicable pay periods. Defendant's September 10, 2007, calculations and proposals for prejudgment interest on the back pay award of $5,757.00 to Angie Gacke was in the amount of $792.77, using the interest rate applicable to each pay period, and in the amount of $793.85, using the average interest rate for the applicable pay periods.

This Court has previously observed that the Eighth Circuit calculates both prejudgment and postjudgment interest at the rate specified in 28 U.S.C. § 1961. *See Novak v. Mackintosh*, 937 F.Supp. 873, 883 (D.S.D.,1996)(citing *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1331 (8th Cir.1995)). The Court will award prejudgment interest for each Plaintiff-Intervenor based on the average interest rate for the applicable pay periods. Accordingly,

IT IS HEREBY ORDERED:

1. That an Amended Judgment shall be issued awarding Richelle Dooley prejudgment interest in the amount of $1,833.79;

2. That an Amended Judgment shall be issued awarding Angie Gacke prejudgment interest in the amount of $793.85; and

3. That attorney fees for counsel for Plaintiffs-Intervenors is awarded in the amount of $43,200 plus sales tax on these fees, in the amount of $2,592. The Court is further awarding as costs attorney fees and sales tax for replacement counsel in the amount of $1272, and CPA expert expense in the amount of $2,038.96, for a total award of fees and expenses of $49,102.96.

Dated this 6th day of March, 2008.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY *[signature]*
        Deputy